IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

THOMAS C. KOTSON and LINDA KOTSON,

 Plaintiffs,

v.                                      Civil Action No. 5:05CV155
                                                              (STAMP)
CONSOLIDATION COAL COMPANY,
CONSOL ENERGY, INC.,
JOHN BUMGARDNER,
SANDVIK MINING AND CONSTRUCTION, USA, LLC,
SANDVIK SMITH, INC.,
SANDVIK TAMROCK, LLC,
SANDVIK MINING AND CONSTRUCTION, LTD.,
SANDVIK MINING AND TUNNELING, LLC
and SANDVIK, INC.,

 Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
THE SANDVIK DEFENDANTS' MOTION TO DISMISS, SPECIFICALLY,
GRANTING THE DEFENDANTS' MOTION TO DISMISS WITH
RESPECT TO SANDVIK, INC., SANDVIK TAMROCK, LLC,
SANDVIK MINING AND CONSTRUCTION, LTD.,
SANDVIK MINING AND TUNNELING, LLC AND
DENYING THE DEFENDANTS' MOTION TO DISMISS WITH RESPECT
TO SANDVIK MINING AND CONSTRUCTION, USA, LLC
AND DENYING AS MOOT
SANDVIK MINING AND CONSTRUCTION, USA, LLC'S
REQUEST FOR ORAL ARGUMENT**

I. Procedural History

On July 12, 2005, the plaintiffs, Thomas C. Kotson ("Mr. Kotson") and Linda Kotson, filed a complaint in the Circuit Court of Marshall County, West Virginia, against the defendants, Consolidation Coal Company, Consol Energy, Inc., John Bumgardner, Sandvik Mining and Construction, USA, LLC, Sandvik Smith, Inc., Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd.,

Sandvik Mining and Tunneling, LLC and Sandvik, Inc., alleging that the defendants are responsible for injuries sustained by Mr. Kotson, while working for Consolidation Coal Company and/or Consol Energy, Inc.  The plaintiffs seek damages resulting from Mr. Kotson's injuries as well as Linda Kotson's loss of consortium.  On September 9, 2005, the plaintiffs filed an agreed order of dismissal of Sandvik Smith, Inc. from this civil action.

On September 13, 2005, the defendants filed a notice of removal in the United States District Court for the Northern District of West Virginia Court pursuant to 28 U.S.C. § 1441(b). On October 5, 2005, Sandvik, Inc., Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd., Sandvik Mining and Tunneling, LLC, and Sandvik Mining and Construction, USA, LLC (collectively "Sandvik defendants"), filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), (5) and (6), to which the plaintiffs responded and the Sandvik defendants replied.  In addition, Sandvik Mining and Construction, USA, LLC filed a request for oral argument on November 29, 2006.

Upon consideration of the parties' memorandum and the applicable law, this Court finds that the Sandvik defendants' motion to dismiss must be granted in part and denied in part. Specifically, the Sandvik defendants' motion to dismiss must be granted with respect to Sandvik, Inc., Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd. and Sandvik Mining and

Tunneling, LLC and denied with respect to Sandvik Mining and Construction, USA, LLC. Based on this Court's ruling on the Sandvik defendants' motion to dismiss, this Court finds that Sandvik Mining and Construction, USA, LLC's request for oral argument must be denied as moot.

## II. Facts

Consolidation Coal Company operates the Shoemaker Mine in Marshall County, West Virginia, where Mr. Kotson was working on July 12, 2003. During this time, Consolidation Coal Company and Consol Energy, Inc. were involved in a joint venture in the operation of the Shoemaker Mine. Mr. Kotson was being transported in a man trip portal bus, personal carrier, EIMCO 8.5 ton locomotive/bus ("bus") along with other miners while working in the Shoemaker Mine. Mr. Kotson alleges that the bus was traveling at an excessive rate of speed in violation of the industry standard and approximately three to four times the front end of the bus left the track and "slammed back down onto the track." (Notice of Removal Ex. A ¶ 13.) Defendant, John Bumgardner, who is a foreman/supervisor for Consolidation Coal Company and/or Consol Energy, Inc., was riding on the bus during this occurrence. The bus derailed and Mr. Kotson alleges that he was severely injured in the derailment.

The plaintiffs assert that the bus traveling at an excessive rate of speed created an unsafe working condition which resulted in

Mr. Kotson's serious injury which caused him pain, suffering, emotional distress, loss of income and loss of capacity to enjoy life. In addition, the plaintiffs assert that the defendants, Sandvik Mining and Construction, USA, LLC, Sandvik Smith, Inc., Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd., Sandvik Mining and Tunneling, LLC and Sandvik, Inc., are believed to be the successor corporations to the manufacturer of the bus in which Mr. Kotson was allegedly injured and that this bus was not "crashworthy" and was defective, which contributed to Mr. Kotson's injuries. The plaintiffs seek judgment against the defendants for compensatory damages, attorney's fees, expenses, pre-judgment and post-judgment interests and court costs.

### III. Applicable Law

The Sandvik defendants move this Court to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(2), (5) and (6). The plaintiffs voluntarily agree to dismiss Sandvik, Inc., Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd., and Sandvik Mining and Tunneling, LLC. Based on this dismissal, the only issue for this Court to decide is whether Sandvik Mining and Construction, USA, LLC should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

In assessing a motion to dismiss for failure to state a claim under this Rule, a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs.,

Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990).
Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it
appears to be a certainty that the plaintiff would be entitled to
no relief under any state of facts which could be proven in support
of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415
F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot
Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of
a motion under Rule 12(b)(6) is to test the formal sufficiency of
the statement of the claim for relief; it is not a procedure for
resolving a contest about the facts or the merits of the case. 5A
Charles Alan Wright & Arthur R. Miller, Federal Practice and
Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion
also must be distinguished from a motion for summary judgment under
Federal Rule of Civil Procedure 56, which goes to the merits of the
claim and is designed to test whether there is a genuine issue of
material fact. Id. § 1356, at 298. For purposes of the motion to
dismiss, the complaint is construed in the light most favorable to
the party making the claim and essentially the court's inquiry is
directed to whether the allegations constitute a statement of a
claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at
304, 310.

A motion to dismiss for failure to state a claim under Rule
12(b)(6) should be granted only in very limited circumstances.

Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45; Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Community Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985).

## IV. Discussion

### A. Motion to Dismiss With Respect to Sandvik, Inc., Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd., and Sandvik Mining and Tunneling, LLC

Pursuant to Federal Rule of Civil Procedure 41(a), a plaintiff may dismiss without prejudice any opposing party without leave of court at any time prior to the opposing party serving an answer or a motion for summary judgment.

In response to the Sandvik defendants' motion to dismiss, the plaintiffs agree that dismissal is appropriate with respect to Sandvik, Inc., Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd. and Sandvik Mining and Tunneling, LLC, without prejudice. Accordingly, this Court finds that Sandvik, Inc.,

Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd. and Sandvik Mining and Tunneling, LLC are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

B. <u>Motion to Dismiss With Respect to Sandvik Mining and Construction, USA, LLC</u>

1. <u>Evidence Outside the Pleadings</u>

The Sandvik defendants filed an affidavit from James Clough as an exhibit to their motion to dismiss. When, as in this case, evidence outside the pleadings is presented, the court has discretion either to consider or reject the evidence. Fed. R. Civ. P. 12(b); <u>Pueschel v. United States</u>, 369 F.3d 345, 353 n.3 (4th Cir. 2004).

Specifically, when a Rule 12(b)(6) motion presents matters outside the pleadings and such evidence is considered by the court, then the motion shall be treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. <u>Id.</u> However, the First Circuit held in <u>Rubert-Torres v. Hospital San Pablo, Inc.</u>, 205 F.3d 472, 475 (1st Cir. 2000), that conversion is disfavored if "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant does not have reasonable notice that the conversion might occur."

This Court finds that conversion is disfavored in this civil action. First, the Sandvik defendants' motion to dismiss was filed on October 5, 2005, a little less than four months after the complaint was filed and less than a month after the notice of removal was filed. Second, discovery was in its infancy when the motion was filed. The parties in this civil action did not have a scheduling order at that time and initial disclosures were not due for another month. Finally, the plaintiffs did not have reasonable notice that a conversion might occur. As stated above, only initial discovery was progressing at that time.

Accordingly, this Court will not consider James Clough's affidavit in determining "whether a claim for relief has been stated" pursuant to Federal Rule of Civil Procedure 12(b)(6).

2. The Pleadings

"In West Virginia, to recover on a theory of crashworthiness against the manufacturer of a motor vehicle, it is necessary only to show that a defect in the vehicle's design was a factor in causing some aspect of the plaintiff's harm." Blankenship v. General Motors Corp., 406 S.E.2d 781, syl. 2 (W. Va. 1991). Furthermore, a complaint against the seller of a motor vehicle states a cause of action under West Virginia law if the complaint alleges that "the injuries sustained by the occupant as a result of the collision were enhanced by a design defect in the vehicle." Id. at 351.

The Sandvik defendants assert that the plaintiffs' claims against Sandvik Mining and Construction, USA, LLC must be dismissed because: (1) the portal bus was not used in a reasonably foreseeable manner; and (2) the reckless conduct of others was a superseding or intervening cause of Mr. Kotson's alleged injuries, which bars his claims against Sandvik Mining and Construction, USA, LLC. In response, the plaintiffs assert that Sandvik Mining and Construction, USA, LLC is a manufacturer of the portal bus that Mr. Kotson was a passenger of at the time of his alleged injures and Sandvik Mining and Construction, USA, LLC could be liable to the plaintiffs if there was a defect or defects of the portal bus that caused or contributed to Mr. Kotson's injuries. Moreover, the plaintiffs contend that whether there is an intervening cause, or whether there is concurrent negligence among the defendants, is a jury determination. Thus, the plaintiffs assert that the Sandvik defendants' motion to dismiss pursuant to Rule 12(b)(6) is inappropriate.

    a.   <u>Foreseeability</u>

"The manufacturer of an automobile is under a duty to use reasonable care in the design to avoid subjecting the user to an unreasonable risk of injury or enhancement of injury in [the] event of a collision, which, whether with or without the fault of the user, is clearly foreseeable." <u>Larsen v. General Motors Corp.</u>, 391 F.2d 495, 495 (11th Cir. 1968). Thus, the manufacturer must use

reasonable care to design the product "as to make it not accident or foolproof, but safe for the use for which it is intended." Id. at 499. Further, a manufacturer has a duty to use reasonable care under the circumstances in the design of a product to be safe for any "emergency of use" which is foreseeable. Id.

The court in Harbaugh v. Coffinbarger, 543 S.E.2d 338, 346 (W. Va. 2000)(quoting Evans v. Farmer, 133 S.E.2d 710 (W. Va. 1963), held that "[t]he questions of negligence, contributory negligence, proximate cause, intervening cause and concurrent negligence are questions of facts for the jury where the evidence is conflicting or when the fact, though undisputed, are such that reasonable men draw different conclusions from them."

In its reply to the plaintiffs' responses to the Sandvik defendants' motion to dismiss, Sandvik Mining and Construction, USA, LLC asserts that it cannot be liable to the plaintiffs because the reckless handling of the portal bus on July 12, 2003 was not reasonably foreseeable. Sandvik Mining and Construction, USA, LLC contends that "[u]nder no set of circumstances" could it have intended or reasonably anticipated that the portal bus would have been operated so recklessly that: "(i) despite the screams of the passengers to slow down, the driver and his supervisor ignored the passengers' pleas; (ii) the bus was traveling so fast that it bounced up and down several times on the track; (iii) the driver's supervisor understood that he and others on the bus had a

10

reasonable probability of injury or death due to the manner of operation of the bus but took no action to slow down the bus; and (iv) the bus jumped the track, hit a water line, and then traveled at least 144 feet further into the mine before stopping." (Def.'s Reply at 4.)

In addition, Sandvik Mining and Construction, USA, LLC asserts that proximate cause is a policy determination that is properly determined by the court. Specifically, Sandvik Mining and Construction, USA, LLC asserts that the plaintiffs' own evidence establishes that the reckless conduct of others is the proximate cause of their alleged injuries, which was not reasonably foreseeable by Sandvik Mining and Construction, USA, LLC.

The plaintiffs contend that it is reasonably foreseeable that portal buses, like automobiles will be driven at excessive races of speed. Moreover, the plaintiffs state that Sandvik Mining and Construction, USA, LLC manufactured the portal bus and the portal bus "was not crashworthy and was defective, which defect or defects caused or contributed to Thomas C. Kotson's injuries." (Def. Sandvik's Resp. at 3).

This Court finds that the plaintiffs have provided a claim on the theory of crashworthiness upon which relief could be granted.

This Court disagrees with the defendant's assertion at this time that "[r]easonable minds cannot disagree that the bus driver and his supervisor operated the bus recklessly and in a manner that

11

Sandvik could not reasonably foresee." (Def.'s Reply Mot. Dismiss at 7.) In assessing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must assume the truth of all well-pleaded facts and indulge all reasonable inferences that fit plaintiff's stated theory of liability; complaint should be dismissed only if, when viewed in this manner, pleading shows no set of facts which could entitled the plaintiff to relief. See Fed. R. Civ. P. 12(b)(6); <u>Zona v. Clark University</u>, 436 F. Supp. 2d 287 (D. Mass. 2006). Based on the pleadings, this Court finds that the plaintiffs have stated a theory of liability and, taking the plaintiffs' factual allegations as true, reasonable people could draw different conclusions on the issue of whether Sandvik Mining and Construction, USA, LLC could have reasonably foreseen that the portal bus would be driven recklessly and lift off the track and crash into something in its path.

Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) is inappropriate with respect to Sandvik Mining and Construction, USA, LLC's argument that Mr. Kotson's injuries could not be reasonably forseeable under the plaintiffs' factual basis.

    b.    <u>Intervening Cause</u>

"An intervening cause, in order to relieve a person charged with negligence in connection with an injury, must be a negligent

12

act, or omission, which constitutes a new effective cause and operates independently of any other act, making it and it only, the proximate cause of the injury." Lester v. Rose, 130 S.E.2d 80 (W. Va. 1963). Moreover, as stated above, "the questions of negligence . . . intervening cause . . . are questions of fact for a jury." Harbaugh, 543 S.E.2d at 346 (quoting Evans, 133 S.E.2d at 710).

The Sandvik defendants assert that plaintiffs' complaint "compels" the conclusion that Sandvik Mining and Construction, USA, LLC cannot be held responsible for plaintiffs' alleged injuries." (Def. Sandvik's Mot. Dismiss at 18-19.) This Court disagrees with the Sandvik defendants' argument.

Based on the pleadings, the plaintiffs have alleged a set of facts upon which reasonable men could draw the conclusion that there was no intervening cause which could entitle the plaintiffs to some form of relief on a theory of crashworthiness. Specifically, Count IV of the plaintiffs' complaint asserts that "[t]he EIMCO 'bus' was not crashworthy and was defective, which defect or defects caused or contributed to Thomas C. Kotson's injuries sustained on July 12, 2003." (Notice of Removal Ex. A ¶ 31.) Thus, this Court finds that if the plaintiffs can prove that a defect found in the portal bus was a factor in causing an injury to Mr. Kotson, then Sandvik Mining and Construction, USA, LLC could be liable for Mr. Kotson's injuries. Based on the standard set forth in Federal Rule of Civil Procedure 12(b)(6), this Court finds that the plaintiffs' complaint

13

states a cause of action, which could entitle the plaintiffs to recover against Sandvik Mining and Construction, USA, LLC.

Accordingly, this Court finds that the Sandvik defendants' motion to dismiss with respect to Sandvik Mining and Construction, USA, LLC must be denied, and thus Sandvik Mining and Construction, USA, LLC's request for oral argument must be denied as moot.

## V. Conclusion

For the reasons stated above, the Sandvik defendants' motion to dismiss is hereby GRANTED IN PART and DENIED IN PART. The Sandvik defendants' motion to dismiss is GRANTED with respect to Sandvik, Inc., Sandvik Tamrock, LLC, Sandvik Mining and Construction, Ltd. and Sandvik Mining and Tunneling, LLC and DENIED with respect to Sandvik Mining and Construction, USA, LLC. In addition, this Court finds that Sandvik Mining and Construction, USA, LLC's request for oral argument is hereby DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    September 11, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE